UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
_____X

OSCAR MORALES,

 Plaintiff,

  -against-            No. _____

CANCUN CHARLIE'S RESTAURANT, PBAC
ENTERPRISES, L.L.C., PETER R. BIONDI,    December 12, 2007
CHRISTINE HENRIQUES BIONDI, and
WILLIAM J. HOFFMAN,

 Defendants.
_____X

## COMPLAINT

1. Plaintiff Oscar Morales worked as kitchen staff at Cancun Charlie's Restaurant, a festive Mexican-themed restaurant that overlooks the harbor in Milford, Connecticut. For more than two years, Mr. Morales typically labored approximately 100 hours each week, yet his employers did not pay him overtime compensation as required by federal and state law, and he frequently did not receive the lawful minimum wage. When Mr. Morales ended his employment at Cancun Charlie's, Defendants failed to pay him for his final partial week of work. Plaintiff brings this action in order to recover monies owed to him for unpaid wages and unpaid overtime.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332 and 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b), as all events giving rise to this action occurred within this district, and Defendants are located, reside, or do business in this district, and pursuant to 28 U.S.C. § 1391(c), as Defendants Cancun Charlie's Restaurant and PBAC Enterprises, L.L.C., are subject to personal jurisdiction in the State of Connecticut.

## PARTIES

4. Plaintiff Oscar Morales worked in the kitchen at Cancun Charlie's Restaurant from on or about early June 2004 until on or about August 11, 2006.

5. Defendant Cancun Charlie's Restaurant ("Cancun Charlie's") is located at 1 Schooner Lane, Milford, CT 06460. Cancun Charlie's is a Mexican-themed restaurant with a bar, a lounge where a live mariachi band occasionally performs, and a large outdoor patio overlooking Milford harbor.

6. Defendant PBAC Enterprises, L.L.C. ("PBAC") is a Limited Liability Company that registered in Connecticut in 2004. PBAC owns and operates Cancun Charlie's.

7. Defendant Peter R. Biondi is a member of PBAC. Mr. Biondi is an owner, operator, and manager of Cancun Charlie's. Mr. Biondi is an individual separate and distinct from Defendant PBAC.

8. Defendant Christine Henriques Biondi is the wife of Peter Biondi. Mrs. Biondi is a member of PBAC. She is an owner, operator, and manager of Cancun Charlie's. Mrs. Biondi is an individual separate and distinct from Defendant PBAC.

9. Defendant William J. Hoffman was a manager of Cancun Charlie's Restaurant.

## STATEMENT OF FACTS

Plaintiff Oscar Morales

10. Mr. Morales was hired to work at Cancun Charlie's in early June 2004, soon after the restaurant first opened for business. Mr. Morales worked at the restaurant until on or about August 11, 2006.

11. Mr. Morales typically worked approximately 100 hours each week. He generally worked from approximately 9:00 or 10:00 a.m. to 1:00 or 2:00 a.m., for six or seven days each week.

12. Mr. Morales worked in the kitchen, washing dishes and generally cleaning, preparing and cooking food, and carrying and moving food and other kitchen supplies.

13. For his first week of work in June 2004, Mr. Morales received $400.

14. Beginning in the second week, Defendants paid him $550 per week.

15. Defendants and Mr. Morales later agreed that Mr. Morales' pay rate would rise to $8 per hour; however, at that time, his pay increased only to $700 to $750 per week.

16. Throughout Mr. Morales's tenure at the restaurant, the Defendants paid him once a week, in cash.

17. On several occasions Defendants paid him less than the amount he should have received under their arrangement.

18. On one occasion, for instance, Mr. Morales noticed that he was paid approximately $100 less than he should have been based on the rate Defendants customarily paid him.

19. Mr. Morales handed back the cash and brought this discrepancy to the attention of Mr. Biondi.

20. Mr. Biondi took the money and threw it in the face of Mr. Morales, refusing to pay the difference.

21. Upon information and belief, Defendants paid Mr. Morales in cash in order to avoid tax and insurance reporting requirements, detection of their failure to pay minimum wage and overtime, and withholding and payment of applicable taxes.

22. Defendants did not pay Mr. Morales statutorily mandated minimum wage.

23. Defendants did not pay Mr. Morales statutorily mandated overtime pay for each hour worked over forty in any given week.

24. On August 11, 2006, Mr. Morales terminated his employment.

25. For his final, partial week of work, Defendants owed Mr. Morales for approximately fifty-seven hours of work.

26. Mr. Morales requested payment in person on or about August 13, 2006. The head cook, John, told him to leave, or he would call the police.

27. On August 30, 2006, Mr. Morales caused a letter to be sent by U.S. mail and by fax demanding his final week of wages.

28. Defendants never responded to Mr. Morales's demands, and never paid Mr. Morales for his final partial week of work at the restaurant.

Restaurant Operations

29. When Mr. Morales first began working at the restaurant, Mr. Hoffman managed and oversaw daily operations at the restaurant.

30. Mr. Hoffman ceased working at Cancun Charlie's in approximately summer 2005.

31. Mr. and Mrs. Biondi were at all times acting as owners and operators of, and agents for, Defendants Cancun Charlie's Restaurant and PBAC.

32. Prior to leaving his employment at Cancun Charlie's, Mr. Hoffman was at all times acting as an agent of Defendants Cancun Charlie's Restaurant and PBAC.

33. Mr. Biondi, Mrs. Biondi, and Mr. Hoffman each possessed the power to hire and fire employees, including Mr. Morales, to make salary and scheduling decisions, and to monitor quality control in the performance of Mr. Morales's duties.

34. During his employment at Cancun Charlie's, Mr. Hoffman personally paid Mr. Morales. He also directly and personally managed the work conducted by Mr. Morales.

35. At all times relevant hereto, Cancun Charlie's Restaurant had an annual gross volume of sales or business done not less than $500,000.

36. A significant portion of the restaurant's business transactions were made in cash. For example, a substantial portion of payroll, both to Mr. Morales and other employees, was conducted via cash transactions.

37. At all times relevant hereto, Cancun Charlie's Restaurant had employees handling, selling, or otherwise working on goods or materials, including but not limited to food products and liquor, that have been moved in or produced for interstate commerce.

38. Defendants failed to keep and maintain records of Mr. Morales's hours worked and wages paid, including lawful deductions therefrom, as required by 29 U.S.C. § 211(c) and Conn. Gen. Stat. § 31-66.

39. Defendants failed to display a notice with information about minimum wage and overtime pay, as required by 29 C.F.R. § 516.4 and Conn. Gen. Stat. § 31-66.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT ("FLSA")

40. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs of this complaint as if fully set forth herein.

41. At all times relevant to this case, each Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d).

42. Defendants willfully failed to pay Mr. Morales overtime pay for all hours that he worked in excess of forty per week for each week in violation of 29 U.S.C. § 207(a)(1).

43. Defendants' violations of FLSA were in disregard of prevailing law.

44. Defendants employed fraudulent bookkeeping and pay arrangements in order to conceal those violations.

45. As a result of these violations, Mr. Morales suffered damages.

46. Defendants are jointly and severally liable to Mr. Morales for these violations of his rights under federal law.

47. Mr. Morales is entitled to an award of damages for unpaid wages and unpaid overtime, plus liquidated damages in an equal amount, interest, and attorneys' fees, in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## CONNECTICUT WAGE AND HOUR LAW

48.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs of this complaint as if fully set forth herein.

49.     Plaintiff brings this claim under Conn. Gen. Stat. §§ 31-58 *et seq.* of the Connecticut Minimum Wage Act, against all Defendants.

50.     At all relevant times, each Defendant was an "employer" within the meaning of Conn. Gen. Stat. §§ 31-58(e) and 31-71a(1). At all relevant times, each Defendant employed Mr. Morales within the meaning of Conn. Gen. Stat. § 31-58(h). At all relevant times, Mr. Morales was an employee of Defendants within the meaning of §§ 31-58(f) and 31-71a(2).

51.     Defendants knowingly, and in bad faith,

    a.     Failed to pay minimum wages due to Mr. Morales, in violation of Conn. Gen. Stat. § 31-58j.

    b.     Failed to pay overtime wages due to Mr. Morales for hours worked in excess of forty per week, in violation of Conn. Gen. Stat. §§ 31-76b and 31-76c;

    c.     Withheld wages from Mr. Morales upon termination of employment, in violation of Conn. Gen. Stat. §§ 31-71b and 31-71c;

52.     As a result, Mr. Morales suffered damages.

53.     Defendants are jointly and severally liable to Mr. Morales for these violations of his rights under state law.

54.     Mr. Morales is entitled to an award of damages for unpaid wages and unpaid overtime, plus liquidated damages in an equal amount and attorneys' fees, in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
## BREACH OF IMPLIED CONTRACT

55. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs of this complaint as if fully set forth herein.

56. Defendants entered into an implied contract with Mr. Morales to provide reasonable compensation for the value of services rendered, and each party's acceptance was supported by good and valuable consideration.

57. Mr. Morales fulfilled his contractual obligation by laboring for the benefit of Defendants.

58. Defendants breached the implied contract with Mr. Morales by failing to pay reasonable compensation for work performed by Mr. Morales.

59. Defendants' contract with Mr. Morales implied payment of minimum wages and overtime premiums, in accordance with federal and state law.

60. Because of Defendants' breach of contract, Mr. Morales suffered from a loss of expected wages.

61. Mr. Morales is entitled to damages for Defendants' contract breaches, pursuant to Conn. Gen. Stat. § 52-576.

62. Mr. Morales is entitled to monetary damages equal to the reasonable value of services rendered.

## FOURTH CLAIM FOR RELIEF
## BREACH OF EXPRESS ORAL CONTRACT

63. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 54 of this complaint as if fully set forth herein.

64. Defendants entered into an oral contract with Mr. Morales to pay $8 per hour for services rendered, and each party's acceptance was supported by good and valuable consideration.

65. Mr. Morales fulfilled his contractual obligation by laboring for the benefit of Defendants.

66. Defendants breached the oral contract with Mr. Morales by failing to pay $8 per hour for work performed by Mr. Morales.

67. Defendants' contract with Mr. Morales implied payment of overtime premiums, in accordance with federal and state law.

68. Because of Defendants' breach of contract, Mr. Morales suffered from a loss of expected wages.

69. Mr. Morales is entitled to monetary damages for Defendants' contract breaches, pursuant to Conn. Gen. Stat. § 52-576.

### FIFTH CLAIM FOR RELIEF
### UNJUST ENRICHMENT & QUANTUM MERUIT

70. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 54 of this complaint as if fully set forth herein.

71. By laboring at Cancun Charlie's Restaurant, Mr. Morales provided benefits to Defendants.

72. Mr. Morales reasonably expected to be compensated for the labor he provided to Defendants. Defendants' unjust failure to pay Mr. Morales wages for all labor performed constituted a distinct detriment to Mr. Morales.

73. Accordingly, Mr. Morales is entitled to money damages equal to the reasonable value of labor provided to Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Award Plaintiff monetary damages for unpaid overtime, plus liquidated damages in an equal amount and interest, as provided by FLSA, 29 U.S.C. § 216(b), in an amount to be determined at trial;

b. Award Plaintiff monetary damages for unpaid minimum wages and overtime, plus liquidated damages in an equal amount and interest, as provided by Conn. Gen. Stat. § 31-68(a), in an amount to be determined at trial;

c. Award Plaintiff monetary damages for unpaid wages upon termination of employment, plus liquidated damages in an equal amount and interest, as provided by Conn. Gen. Stat. § 31-72, in an amount to be determined at trial;

d. Award Plaintiff compensatory damages and interest for Defendants' violations of Connecticut common law (including breach of implied contract and breach of express oral contract, and in the alternative, unjust enrichment/quantum meruit), in an amount to be determined at trial;

e. Award attorneys' fees and costs to Plaintiff for legal services provided by the Jerome N. Frank Legal Services Organization pursuant to 29 U.S.C. § 216(b) and Conn. Gen. Stat. §§ 31-68(a) and 31-72, in an amount to be determined; and

f. Grant such additional and further relief as the Court deems just and proper.

## JURY DEMAND

74. Plaintiff hereby demands a trial by jury on all claims.

Dated: December 12, 2007

_____
Michael J. Wishnie, Supervising Attorney, ct27221

_____
Christopher Lasch, Supervising Attorney, ct27139

Amanda Aikman, Law Student Intern
Elizabeth Simpson, Law Student Intern
Worker and Immigrants Rights Advocacy Clinic
Jerome N. Frank Legal Services Organization
Yale Law School
127 Wall Street
New Haven, CT 06511
Telephone: 203.432.4800
Fax: 203.432.1426
Email: michael.wishnie@yale.edu
Email: christopher.lasch@yale.edu

Attorneys for Plaintiff